UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SFR INVESTMENTS POOL 1, LLC, et al. <br><br> Defendants. | Case No. 2:17-cv-01530-JAD-PAL <br><br> ORDER <br><br> (Mot Stay Deadline – ECF No. 41) <br> (Mot Reset Deadline – ECF No. 42) |

Before the court is SFR Investments Pool 1, LLC's Motion to Stay the Dispositive Motion Deadline, or in the Alternative, Motion to Reset Dispositive Motion Deadline (ECF Nos. 41, 42). The court has considered the motion, plaintiff Carrington Mortgage Services, LLC's Response (ECF Nos. 43, 44), and SFR's Replies (ECF Nos. 45, 46).

The motion seeks a stay until the Nevada Supreme Court decides a question certified to it by Judge Boulware in *The Bank of New York Mellon v Star Hill Homeowner's Assoc et., al.*, Case No:2:16-cv-2561 RFB-PAL. The motion argues that staying the case at this juncture will benefit all parties and promote the efficient use of judicial resources. In the alternative, SFR asks for one week from denial of the motion to stay to file dispositive motions. Plaintiff opposes the motion to stay and for additional time because it timely filed a dispositive motion and because it believes *Bourne Valley* is dispositive.

This motion was filed the day dispositive motions were due after the court granted the parties request for a 45-day extension of the discovery plan and scheduling order deadlines at a hearing held on January 30, 2018. The motion should have been filed 21 days before the expiration of the deadline pursuant to LR 26-4. The motions are therefore untimely. Plaintiff timely filed a motion for summary judgment on April 30, 2018 which is now fully briefed and under submission

1

to the district judge. SFR has not shown excusable neglect for failing to timely file either motion and it would be unfair to require the Plaintiff to comply with the court's discovery plan and scheduling order deadlines, allow a non-compliant party to review and respond to a timely filed motion for summary judgment and then get an opportunity to file its own dispositive motion. Because of the volume of pending motions, the court has been unable to get these motions decided until now, months after the deadline expired. Granting SFR's request for one week after decision of these motions would effectively allow SFR to grant itself an extension.

Having reviewed and considered the matter,

**IT IS ORDERED** the Motions (ECF No 41 & 42) are **DENIED**.

DATED this 21st day of September 2018.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE